UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x

UNITED STATES OF AMERICA

    -against-                                                                            07 CR 730 (CM)

ROUPIAN CHEN and
XUJIA WANG,

        Defendants.

------------------------------------------------------------x

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 12/13/07

## MEMORANDUM ORDER MODIFYING ONE BAIL CONDITION AND OTHERWISE DENYING REQUEST FOR BAIL MODIFICATION

McMahon, J.:

    Defendant Roupian Chen's bail conditions are modified by permitting him to go off electronic monitoring between the hours of 10 AM and 6 PM, effective immediately and continuing until his surrender date of March 3, 2008, but only on the condition that travel be restricted to the Southern District of New York and the District of New Jersey. Given Mr. Chen's compliance to date with the terms of his supervision, I am prepared to give him a bit more freedom to spend time with his wife and daughter, even though he has been convicted and sentenced. However, he may not travel to the Eastern District of New York. Neither may Ms. Wang.

    All other requests for modification of bail are denied.

    The court will consider a modification to release the house if and when Mr. Chen and Ms. Wang submit a signed contract for the sale of the house. After thinking about it, I have concluded that there is no reason why they cannot put the house on the market. If they are fortunate enough to obtain a purchaser, the proceeds from the sale can be substituted for the house as security for the bail bond, and we will modify the conditions of bail as needed to facilitate the closing.

    I fail to understand the burden to Ms. Wang of making a 25 mile trip to Trenton once a week to report to PreTrial Services. Women who are breast feeding put their children in car seats and take them everywhere – to church, to the mall, to the grocery, to the park, to visit friends – all the time. Twenty five miles is virtually no distance at all; the purported "burden" of reporting to her supervising officer each week strikes this court as insignificant.

    Finally, under no circumstances will these defendants be at liberty without co-signers on their PRB. Since the defendants do not really have an interest in the cash collateral or the proceeds from their house – all of which will be forfeited to the Government as a result of their

criminal conduct – the presence of the co-signers on the bail bond is literally the only moral suasion available to the court to assure the defendants' compliance with their bail conditions. If the burden on the co-signers is too great, perhaps other co-signers satisfactory to the Government will have to be located. But until they are, the existing co-signers will not be released from their obligation.

Dated: December 12, 2007

_____
U.S.D.J.

BY FAX TO ALL COUNSEL AND PRE-TRIAL SERVICES